# UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT
### Case No. 26-1947

Citizens Alliance of North Dakota; Brandon Prichard

Plaintiffs – Appellees,

v.

Julie Lawyer, or her successor, in her official capacity
as the Burleigh County States' Attorney

Defendant – Appellant,

Drew Wrigley, or his successor, in his official capacity as
Attorney General of North Dakota; North Dakota Ethics Commission;
Rebecca Binstock, or her successor, in her official capacity as
Executive Director of the North Dakota Ethics Commission

Defendants.

---

Appeal from the United States District Court
For the District of North Dakota
Civil No. 1:25-cv-00256-DMT-CRH

---

## APPELLANT'S BRIEF

Brian D. Schmidt (ND Bar ID #07498)
bschmidt@smithporsborg.com
Scott K. Porsborg (ND Bar ID #04904)
sporsborg@smithporsborg.com
Burleigh County Special Assistants State's Attorneys
122 East Broadway Avenue
P.O. Box 460
Bismarck, ND 58502-0460
(701) 258-0630

Attorneys for Defendant – Appellant, Julie Lawyer or her successor in her official
 capacity as the Burleigh County States' Attorney

## SUMMARY OF THE CASE AND REQUEST FOR ORAL ARGUMENT

Burleigh County State's Attorney, Julie Lawyer, files this interlocutory appeal from the district court's denial of her assertion of Eleventh Amendment immunity. The Appellees' lawsuit seeks to enjoin the State's Attorney from enforcing N.D.C.C. § 16.1-10-04 on grounds the statute violates the First Amendment. However, the State's Attorney has no intention to prosecute the Appellees under the statute. Nonetheless, despite clear precedent to the contrary, the district court denied the State's Attorney's assertion of Eleventh Amendment immunity.

The district court's decision is in direct conflict with *Minnesota RFL Republican Farmer Labor Caucus v. Freeman*, 33 F.4th 985 (8th Cir. 2022) and *Minnesota Chapter of Associated Builders and Contractors v. Ellison,* 153 F.4th 695 (8th Cir. 2025). But, the district court refused to follow this recent precedent because it believed the "Ninth Circuit's method is the better approach." In accordance with the district court's order, the State's Attorney must defend the constitutionality of a statute she has no intention to enforce against the Appellees. The district court impermissibly ignored this Court's precedent and its decision must be reversed.

The State's Attorney requests Oral argument to address questions related to the importance of Eleventh Amendment immunity. The State's Attorney respectfully requests 20 minutes for oral argument.

Appellate Case: 26-1947     Page: 2     Date Filed: 06/25/2026 Entry ID: 5654597

# CORPORATE DISCLOSURE STATEMENT

Julie Lawyer is named in her official capacity as State's Attorney for Burleigh County, North Dakota.  Burleigh County is a political subdivision as established by North Dakota law and is not a "nongovernmental corporation."  Therefore, no corporate disclosure statement is required under Fed. R. App. P. 26.1.

Appellate Case: 26-1947     Page: 3     Date Filed: 06/25/2026 Entry ID: 5654597

# **TABLE OF CONTENTS**

**PAGE:**

SUMMARY OF THE CASE AND REQUEST FOR ORAL ARGUMENT ........................................................................................ ii

CORPORATE DISCLOSURE STATEMENT ......................................................... iii

TABLE OF CONTENTS ......................................................................................iv

TABLE OF AUTHORITIES .................................................................................vi

JURISDICTIONAL STATEMENT ........................................................................1

STATEMENT OF THE ISSUES............................................................................2

INTRODUCTION ..................................................................................................3

STATEMENT OF THE CASE................................................................................7

    A.    Factual and Procedural Background.............................................................7

        1.    The Parties to the Underlying Lawsuit.................................................7

        2.    The Complaint .....................................................................................8

        3.    The Attorney General, Commission, and State's Attorney Moved to Dismiss Citizens Alliance's Complaint ...........................11

        4.    The District Court Refused to Apply Binding Precedent to the State's Attorney's Motion............................................................13

        5.    The State's Attorney Appealed............................................................14

SUMMARY OF THE ARGUMENT ....................................................................15

Appellate Case: 26-1947    Page: 4    Date Filed: 06/25/2026 Entry ID: 5654597

ARGUMENT .................................................................................................17

    A.   This Court has Jurisdiction over the State's Attorney's Interlocutory Appeal and the District Court's Order is Subject to *de novo* Review .................................................................17

    B.   This is a Factual Attack on Subject Matter Jurisdiction ...........................18

    C.   The Eleventh Amendment Applies to the State's Attorney ......................18

    D.   The District Court Erred When it Refused to Apply Sovereign Immunity as a Bar to the Claims against the State's Attorney .................20

    E.   The District Court Erred When it Found Citizens Alliance Had Article III Standing to Press their Claims Against the State's Attorney .................................................................................................23

    F.   This District Court was Wrong to Disagree with This Court's Precedent ...................................................................................................24

CONCLUSION ............................................................................................29

CERTIFICATE OF COMPLIANCE ........................................................30

CERTIFICATE OF SERVICE ..................................................................31

Appellate Case: 26-1947    Page: 5    Date Filed: 06/25/2026 Entry ID: 5654597

# TABLE OF AUTHORITIES

**CASES:**                                                           **PAGES:**

*Croyle by and through Croyle v. United States*, 908 F.3d 377 (8th Cir. 2018) ........................................................................................................18

*Ex parte Young*, 209 U.S. 123 (1908)...................................................................................................................... 2, 4, 5, 6, 13, 18, 19, 21, 22, 24, 25, 26, 27, 29

*Filyaw v. Corsi*, 150 F.4th 936 (8th Cir. 2025) ......................................................27

*Green v. Mansour*, 474 U.S. 64 (1985) ..................................................................27

*Harmon Industries, Inc. v. Browner*, 191 F.3d 894 (8th Cir. 1999)........................17

*Hood v. U.S.*, 342 F.3d 861 (8th Cir. 2003)...................................................3, 24, 29

*Kentucky v. Graham*, 473 U.S. 159 (1985).............................................................26

*Minnesota Chapter of Associated Builders and Contractors v. Ellison,* 153 F.4th 695 (8th Cir. 2025) ....................... ii, 2, 3, 5, 15, 17, 23, 24, 25, 27, 28, 29

*Minnesota RFL Republican Farmer Labor Caucus v. Freeman*, 33 F.4th 985 (8th Cir. 2022)......................ii, 2, 3, 5, 15, 17, 18, 19, 20, 21, 22, 23, 24, 27, 29

*Missouri v. Jenkins by Agyei*, 491 U.S. 274 (1989)................................................28

*Moss v. United States*, 895 F.3d 1091 (8th Cir. 2018)............................................18

*Myers v. Iowa Bd. of Regents*, 30 F.4th 705 (8th Cir. 2022) ....................................1

*Papasan v. Allain*, 478 U.S. 265 (1986) ...............................................................26

*Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984).....................19

*Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139 (1993).....................................................................................................27

*Smith v. Reynolds*, 139 F.4th 631 (8th Cir. 2025)..................................................26

Appellate Case: 26-1947    Page: 6    Date Filed: 06/25/2026 Entry ID: 5654597

*Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016) ...........................................................23

*V.S. Partnership v. Dept. of Housing and Urban Development*, 235 F.3d 1109 (8th Cir. 2000)........................................................................................18

*Whole Woman's Health v. Jackson*, 595 U.S. 30 (2021)...........................................18

*WildEarth Guardians v. Bibegain*, 555 F.App'x 815 (10th Cir. 2014) (unpublished per curiam), *as clarified* (Mar. 7, 2014) ...........................................17

*Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989)...............................26, 27

**STATUTES:**

28 U.S.C. § 1331 ........................................................................................................1

42 U.S.C. § 1983..................................................................6, 8, 16, 26, 27, 28

42 U.S.C. § 1988.............................................................................................11, 16

N.D.C.C. § 11-16-01 ................................................................................................19

N.D.C.C. Title 16.1 ...................................................................................................8

N.D.C.C. Chapter 16.1-10 ........................................................................................8

N.D.C.C. § 16.1-10-04................................................................................................
......................................ii, 1, 2, 3, 4, 6, 7, 8, 9, 10, 11, 12, 15, 16, 20, 22, 25, 26, 28

N.D.C.C. § 54-12-02 ...............................................................................................20

N.D.C.C. § 54-12-04 ...............................................................................................20

Appellate Case: 26-1947     Page: 7     Date Filed: 06/25/2026 Entry ID: 5654597

**RULES:**

Fed. R. App. P. 26.1 ............................................................................................. iii

Fed. R. Civ. P. 12(b)(1)........................................................................................18

**CONSTITUTIONS:**

N.D. Const. art. XIV, § 3 ..................................................................................7, 8

**OTHER AUTHORITIES:**

L., Tribe, American Constitutional Law § 3-27 (2d ed. 1988)................................27

Appellate Case: 26-1947     Page: 8     Date Filed: 06/25/2026 Entry ID: 5654597

# JURISDICTIONAL STATEMENT

The district court had jurisdiction over this action pursuant to 28 U.S.C. § 1331. This lawsuit sought to enjoin the North Dakota Attorney General ("Attorney General"), North Dakota Ethics Commission and its executive director (collectively "Commission"), and Burleigh County State's Attorney ("State's Attorney") from taking or threatening any enforcement action under N.D.C.C. § 16.1-10-04 on grounds the statute violates the Constitution. The Attorney General, Commission, and State's Attorney moved for dismissal on grounds they were immune from suit under the Eleventh Amendment. On April 30, 2026, the district court found the Attorney General and Commission were entitled to Eleventh Amendment immunity and granted their motions. However, the district court denied the State's Attorney motion on grounds she was not entitled to Eleventh Amendment immunity. The State's Attorney filed her Notice of Appeal on May 12, 2026. This is an interlocutory appeal from an order denying the State's Attorney's assertion of immunity under the Eleventh Amendment and the Court has jurisdiction under the collateral order doctrine. *Myers v. Iowa Bd. of Regents*, 30 F.4th 705, 707 (8th Cir. 2026).

Appellate Case: 26-1947    Page: 9    Date Filed: 06/25/2026 Entry ID: 5654597

## <u>STATEMENT OF THE ISSUES</u>

1. Whether the District Court erred when it denied the Burleigh County State's Attorney, Julie Lawyer's, claim of immunity under the Eleventh Amendment when she filed a declaration that neither she nor anyone in her office has any intention of initiating prosecution and is unwilling to exercise her ability to prosecute a claim against Plaintiffs under N.D.C.C. § 16.1-10-04 for any of the statements or activities the Complaint alleges the Plaintiffs/Appellees have engaged or wish to engage;

  a. *Minnesota RFL Republican Farmer Labor Caucus v. Freeman*, 33 F.4th 985 (8th Cir. 2022)

  b. *Minnesota Chapter of Associated Builders and Contractors v. Ellison*, 153 F.4th 695 (8th Cir. 2025)

  c. *Ex parte Young*, 209 U.S. 123 (1908)

2. Whether the District Court erred when it rejected Lawyer's claim that Plaintiffs/Appellees lack standing to press their claims; and

  a. *Minnesota Chapter of Associated Builders and Contractors v. Ellison*, 153 F.4th 695 (8th Cir. 2025)

  b. *Minnesota RFL Republican Farmer Labor Caucus v. Freeman*, 33 F.4th 985 (8th Cir. 2022)

- 2 -

Appellate Case: 26-1947 Page: 10 Date Filed: 06/25/2026 Entry ID: 5654597

3.     Whether the District Court erred by failing to follow this Court's precedent under *Minnesota RFL Republican Farmer Labor Caucus v. Freeman*, 33 F.4th 985 (8th Cir. 2022) and *Minnesota Chapter of Associated Builders and Contractors v. Ellison*, 153 F.4th 695 (8th Cir. 2025) when it rejected Lawyer's claims of immunity under the Eleventh Amendment and that Plaintiffs/Appellees lacked standing.

      a.     *Hood v. U.S.*, 342 F.3d 861, 864 (8th Cir. 2003)

      b.     *Minnesota RFL Republican Farmer Labor Caucus v. Freeman*, 33 F.4th 985 (8th Cir. 2022)

      c.     *Minnesota Chapter of Associated Builders and Contractors v. Ellison*, 153 F.4th 695 (8th Cir. 2025)

## <u>INTRODUCTION</u>

Julie Lawyer is the State's Attorney for Burleigh County, North Dakota ("State's Attorney"). Citizens Alliance of North Dakota and Brandon Prichard (collectively "Citizens Alliance") sued the State's Attorney in her official capacity, the North Dakota Attorney General in his official capacity ("Attorney General"), the North Dakota Ethics Commission and its Executive Director in her official capacity (collectively "Commission") to enjoin them from enforcing N.D.C.C. § 16.1-10-04. Section 16.1-10-04 makes it a class A misdemeanor for any person to knowingly, or with reckless disregard for its truth or falsity, publish a political advertisement or

Appellate Case: 26-1947     Page: 11     Date Filed: 06/25/2026 Entry ID: 5654597

news release that is untrue, deceptive, or misleading.

In response to Citizens Alliance's Complaint, the State's Attorney, Attorney General, and Commission filed declarations showing they have no present intention and are unwilling to prosecute Citizens Alliance under N.D.C.C. § 16.1-10-04. Consequently, the State's Attorney, Attorney General, and Commission asserted Eleventh Amendment immunity and moved to dismiss the Complaint for lack of subject matter jurisdiction. The district court followed well-established precedent and found it lacked subject matter jurisdiction over Citizens Alliance's claims against the Attorney General and Commission. However, the district court expressly acknowledged that it would not adhere to this Court's precedent with respect to the State's Attorney's claim of sovereign immunity. Instead, the district court expressly rejected this Court's "imminence requirement" for the *Ex parte Young* exception and stated it "believes the Ninth Circuit's method is the better approach." In doing so, the district court found "the 'ongoing violation' is not [the State's Attorney's] decision to prosecute or not. Rather, it is the presence of the unconstitutional statute itself on North Dakota's books that creates the ongoing violation." Consequently, the district court denied the State's Attorney's assertion of Eleventh Amendment immunity and concluded Citizens Alliance had Article III standing to press their claims against her.

Appellate Case: 26-1947    Page: 12    Date Filed: 06/25/2026 Entry ID: 5654597

The district court's decision is in direct conflict with this Court's recent precedent. Specifically, this Court made it clear in *Minnesota RFL Republican Farmer Labor Caucus v. Freeman*, 33 F.4th 985 (8th Cir. 2022) that county prosecutors are entitled to Eleventh Amendment immunity when they are unwilling to exercise their ability to prosecute a plaintiff under a challenged statute. Moreover, in *Minnesota Chapter of Associated Builders and Contractors v. Ellison*, 153 F.4th 695 (8th Cir. 2025) this Court explained that once a prosecutor submits a declaration where he attests to having no present intention to commence enforcement, the plaintiffs lack standing and the prosecutor is entitled to Eleventh Amendment immunity. Notably, the State's Attorney's declaration mirrors those submitted by the county attorneys in *Freeman* and the Minnesota Attorney General in *Ellison*.

Importantly, *Ellison* specifically explained why the district court was wrong when it refused to apply this Court's imminence standard for application of the *Ex parte Young* exception. *Ellison* made clear *Ex parte Young* requires an officer to threaten *and be about to commence proceedings*. If district courts ignore the "about to commence proceeding requirement," the *Ex parte Young* exception "effectively collapses" to require "only some connection with the enforcement of the Act." The district court's decision to eliminate the imminence standard with respect to the State's Attorney is in direct conflict with this Court's precedent and also directly

- 5 -

conflicts with *Ex parte Young*.

If the district court's decision were allowed to stand, the State's Attorney would be forced to defend the constitutionality of N.D.C.C. § 16.1-10-04 against Citizens Alliance's facial and as-applied challenges arising under 42 U.S.C. § 1983 despite having no intention to prosecute them for violating it. The district court's rationale opens the door for all prosecutors to be subject to a federal lawsuit seeking to declare any statute unconstitutional regardless of whether they have any intent to prosecute a plaintiff. Moreover, it opens the door for any prosecutor to be liable for the plaintiff's attorneys' fees if they are unsuccessful in defending the constitutionality of a statute they are not enforcing against them. *Ex parte Young* and this Court's recent precedent strictly prohibit such a scenario.

The district court's decision to deny the State's Attorney's assertion of Eleventh Amendment immunity is in direct conflict with binding precedent and must be reversed.

- 6 -

## STATEMENT OF THE CASE

**A.      Factual and Procedural Background**

**1.      The Parties to the Underlying Lawsuit.**

Citizens Alliance of North Dakota is a political organization that engages in "political speech and related advertising to support or deter support of political candidates, ballot referenda or proposals…by distributing written materials, text messages, online and social media messages, audio messages, and video messages." App. 11; R. Doc. 1, at 4.  Brandon Prichard "is the Founder and Executive Director of the Citizens Alliance of North Dakota" who formerly served as a representative the North Dakota Legislative Assembly.  *Id*.  "As a politician…and in his work with the Alliance, Prichard frequently engages in written and verbal political speech to support or to deter support of candidates for office, and political positions or ideas." *Id*.

The State's Attorney is "vested with authority to attend the district court and conduct all prosecutions for public offenses on behalf of the State of North Dakota." App. 59; R. Doc. 15, at 1.  Likewise, the Attorney General is the "chief legal officer of the State" who is "vested with authority to investigate and prosecute violations of State law, including violations of N.D.C.C. § 16.1-10-04." App. 54; R. Doc. 12-1, at 1.  The Commission is established by the North Dakota Constitution with a stated purpose to "support open, ethical, and accountable government."  N.D. Const. art.

- 7 -

Appellate Case: 26-1947     Page: 15     Date Filed: 06/25/2026 Entry ID: 5654597

XIV, § 3. The Commission has authority to "investigate alleged violations" of state laws related to "transparency, corruption, elections, and lobbying to which any lobbyist, public official, or candidate for public office shall be subject." *Id.*

## 2. The Complaint

Citizens Alliance of North Dakota and Prichard (collectively "Citizens Alliance") initiated this action under 42 U.S.C. § 1983 by filing a Complaint on November 4, 2025. App. 8-39; R. Doc. 1. The Complaint states both facial and "as-applied" First Amendment challenges to N.D.C.C. § 16.1-10-04. App. 28-38; R. Doc. 1, at 21-31. Title 16.1 of the North Dakota Century Code is entitled "Elections" and Chapter 16.1-10 is entitled "Corrupt Practices." <u>See</u> App. 13; R. Doc. 1, at 6; <u>see also</u> N.D.C.C. Title 16.1; ch. 16.1-10.

Citizens Alliance acknowledged N.D.C.C. § 16.1-10-04 was amended in 2025 and now provides the following[1]:

> 1. A person is guilty of a class A misdemeanor if the person knowingly, or with reckless disregard for its truth or falsity, publishes a political advertisement or news release containing an assertion, representation, or statement of fact, including information concerning a candidate's prior public record, which is untrue, deceptive, or misleading, on behalf of or in opposition to any

---

[1] The Complaint appears to mistakenly allege "N.D. Cent. Code § 16.1-10-14 was recently amended in House Bill 1204, which was signed by the governor on April 10, 2025." App. 14; R. Doc. 1, at 7. Section 16.1-10-14 does not exist in the North Dakota Century Code. It is presumed Citizens Alliance meant to allege N.D.C.C. § 16.1-10-04 was amended by HB 1204 in 2025. The Complaint is solely focused on N.D.C.C. § 16.1-10-04 and it is undisputed HB 1204 amended N.D.C.C. § 16.1-10-04 in 2025.

Appellate Case: 26-1947     Page: 16     Date Filed: 06/25/2026 Entry ID: 5654597

candidate for public office, initiated measure, referred measure, constitutional amendment, or any other issue, question, or proposal on an election ballot, which is published by radio, television, newspaper, text message, telephone call, pamphlet, folder, display cards, signs, posters, billboard advertisements, websites, electronic transmission, social media, or any other public means or commercial medium.

2. This section does not apply to a newspaper, television or radio station, or other commercial medium that is not the source of the political advertisement or news release.

See App. 13-14; R. Doc. 1, at 6-7; N.D.C.C. § 16.1-10-04.

Citizens Alliance alleged they proposed to engage in various types of political expression "to inform, to activate, and to influence a voter's decision regarding political issues" through various mediums of communication. App. 15-16; R. Doc. 1, at 8-9. Moreover, Citizens Alliance alleged they "fear accusation of violation, investigation related to an accusation of violation, or prosecution and penalties under" N.D.C.C. § 16.1-10-04. App. 17; R. Doc. 1, at 10.

Prichard alleged he became aware of a "pending ethics complaint against him with the…Commission" in 2023 that – to his knowledge – had "not been resolved or closed and it related to the allegedly false speech about [his] residency and student status." *Id.* Citizens Alliance also alleged a complaint was submitted to the Commission with to respect conduct in June 2024 alleged to be in violation of N.D.C.C. § 16.1-10-04 but acknowledged that complaint was "summarily dismissed." App. 19; R. Doc. 1, at 12.

- 9 -

The Complaint further alleges that Prichard was subjected to an investigation by Rob Fontenot – an investigator from the State's Attorney's office – in November 2024. App. 19-20; R. Doc. 1, at 12-13. Prichard admitted he had "not received any additional information" about that investigation as of November 4, 2025. App. 22; R. Doc. 1, at 15.

Citizens Alliance also cites multiple communications they received or viewed from private individuals who inferred their conduct may violate N.D.C.C. § 16.1-10-04. App. 22-23; R. Doc. 1, at 15-16 (explaining a former state representative wrote an article in a city newspaper indicating he was "looking into…legal action against Prichard" and that Citizens Alliance received a cease and desist letter from a private law firm alleging a billboard directed at a state representative violated N.D.C.C. § 16.1-10-04). Citizens Alliance claims they "would engage in self-censorship" to avoid both criminal charges and ethical complaints and they would "not engage in self-censorship" but-for the continuing threat of criminal punishment and ethical violations under N.D.C.C. § 16.1-10-04. App. 23-24; R. Doc. 1, at 16-17.

As relevant to this appeal, the Complaint referenced and attached an article published by InForum on June 25, 2018. App. 25-26; R. Doc. 1, at 18-19; App. 49-50; R. Doc. 1-4. Citizens Alliance cited this article to support their allegation that "[b]efore the amendment of N.D. Cent Code § 16.1-10-04, the statute has been used

- 10 -

to threaten political campaigns and candidates with criminal enforcement." App. 25; R. Doc. 1, at 18. Moreover, Citizens Alliance alleged another political candidate, David Villafana, was "also investigated by the North Dakota Ethics Commission for an alleged violation of N.D. Cent. Code § 16.1-10-04" in 2024. App. 26; R. Doc. 1, at 19.

Citizens Alliance explained they brought claims against the Attorney General and States Attorney because they "may directly or indirectly enforce or seek criminal prosecution…against both individuals and organizations" under N.D.C.C. § 16.1-10-04. App. 27; R. Doc. 1, at 20. Citizens Alliance also alleged the Commission was a proper party because it will "continue to receive Ethics complaints and to review those complaints." *Id.*

Citizens Alliance requested to enjoin the Attorney General, Commission, State's Attorney, "and any other official with investigatory or other enforcement power from taking or threatening any enforcement action under" N.D.C.C. § 16.1-10-04 and to recover nominal damages, attorneys' fees, costs, and expert fees under 42 U.S.C. § 1988. App. 38; R. Doc. 1, at 31.

### 3. The Attorney General, Commission, and State's Attorney Moved to Dismiss Citizens Alliance's Complaint.

The Attorney General, Commission, and State's Attorney all moved to dismiss the Complaint for lack of subject matter jurisdiction because it was barred by Eleventh Amendment immunity. <u>See</u> R. Doc. 12; R. Doc. 14; R. Doc. 20.

- 11 -

Appellate Case: 26-1947    Page: 19    Date Filed: 06/25/2026 Entry ID: 5654597

Notably, the Commission and State's Attorney also asserted dismissal was appropriate because Citizens Alliance lacked standing.  R. Doc. 14, at 5-6; R. Doc. 20, at 10-12.

All three Defendants filed declarations in support of their motion.  See App. 54-55; R. Doc. 12-1; App. 59-61; R. Doc. 15; App. 65-67; R. Doc. 20-1.  The Attorney General's declaration explained his office "has no intention of initiating a prosecution against Plaintiffs for violations of N.D.C.C. § 16.1-10-04 for any of the statements or activities that the Complaint alleges the Plaintiffs have engaged in or wish to engage in."  App. 54; R. Doc. 12-1, at 1.  The Commission also affirmed it had no "intention of pursuing any allegation of a violation of N.D.C.C. § 16.1-10-04."  App. 65; R. Doc. 20-1, at 1.  Likewise, the State's Attorney's declaration provides the following:

> 3. I am aware of communications Rob Fontenot had with…Prichard. These communications were secondary to citizen complaints received by my office in 2024.  *This investigation was closed and there is no current investigation against any of the Plaintiffs.  I declined to prosecute the Prichards prior to the commencement of this lawsuit.*
>
> 4. *Neither I nor anyone in my office has any intention of initiating a prosecution and I am unwilling to exercise my ability to prosecute a claim against Plaintiffs under N.D.C.C. § 16.1-10-04* for any of the statements or activities that the Complaint alleges the Plaintiffs have engaged or which (sic) to engage.

App. 59-60; R. Doc. 15, at 1-2 (emphasis added).

- 12 -

Appellate Case: 26-1947     Page: 20     Date Filed: 06/25/2026 Entry ID: 5654597

Despite the fact the Attorney General, Commission, and State's Attorney all declared under penalty of perjury they would not take any action against Citizens Alliance, the district court applied the law differently to the State's Attorney despite this Court's recent precedent.  See Add. 3-15; App. 84-96; R. Doc. 26.

### 4. The District Court Refused to Apply Binding Precedent to the State's Attorney's Motion.

On April 30, 2026, the district court issued its "Order Granting General Wrigley's and Ethics Commission Defendants' Motions to Dismiss and Denying State's Attorney Lawyer's Motion to Dismiss."  Add. 3-15; App. 84-96; R. Doc. 26. The district court dismissed the claims against the Attorney General and Commission finding it "is bound by a lineage of cases declaring states and their agencies are entitled to Eleventh Amendment immunity when the state actor submits an affidavit disavowing any prosecution of the law challenged as unconstitutional." Add. 9-10; App. 90-91; R. Doc. 26 at 7-8.

However, the district court denied the State's Attorney's motion because it determined the State's Attorneys' declaration was insufficient "to show her office will not commence proceedings against the Plaintiffs imminently."  Add. 11; App. 92; R. Doc. 26, at 9.  To support this conclusion, the district court reasoned "the Eighth Circuit's application of Ex parte Young and its imminence requirement should not be limited to strictly looking to an affidavit from the state official." and believed "the Ninth Circuit's method is the better approach."  *Id.*, n. 4.

- 13 -

The district court reasoned the "'ongoing violation' is not [the State's Attorney's] decision to prosecute or not. Rather, it is the presence of the unconstitutional statute itself on North Dakota's books that creates the ongoing violation." Add. 12; App. 93; R. Doc. 26, at 10. Nonetheless, the district court concluded the Attorney General and Commission "are entitled to Eleventh Amendment sovereign immunity, whereas State's Attorney Lawyer is not." Add. 13; App. 94; R. Doc. 26, at 11. The district court further concluded that "for the same reasons State's Attorney Lawyer will not be afforded Eleventh Amendment immunity at this time, the Court finds there is standing for Plaintiffs to pursue their claims against State's Attorney Lawyer." Add. 14; App. 95; R. Doc. 26, at 12.

**5.    The State's Attorney Appealed.**

On May 12, 2026, the State's Attorney filed a notice of appeal with this Court because the district court denied her "assertion of Eleventh Amendment immunity." App. 97-99; R. Doc. 28. The State's Attorney appeals from the district court's order dated April 30, 2026, denying her assertion of Eleventh Amendment immunity and finding Citizen Alliance has Article III standing to press their claims. Add. 3-15; App. 84-96; R. Doc. 26.

Appellate Case: 26-1947    Page: 22    Date Filed: 06/25/2026 Entry ID: 5654597

## SUMMARY OF THE ARGUMENT

The district court refused to follow this Court's precedent in *Minnesota RFL Republican Farmer Labor Caucus v. Freeman*, 33 F.4th 985 (8th Cir. 2022) which established county prosecutors are entitled to Eleventh Amendment immunity under these exact circumstances. The district court also refused to follow *Minnesota Chapter of Associated Builders and Contractors v. Ellison*, 153 F.4th 695 (8th Cir. 2025) which established that once a prosecutor submits a declaration indicating they have no present intention to commence enforcement of a statute, the plaintiffs lack standing to sue.

The district court's inconsistent application of this Court's precedent cannot stand. The Attorney General, Commission, and State's Attorney all affirmed they have no present intention to prosecute or investigate Citizens Alliance for a violation of the challenged statute. The district court correctly concluded the Eleventh Amendment barred claims against the Attorney General and Commission. However, it was a clear error to deny Eleventh Amendment immunity to the State's Attorney.

Both the Attorney General and State's Attorney have the authority to prosecute violations of N.D.C.C. § 16.1-10-04. Both have affirmed no intention to prosecute Citizens Alliance for the actions alleged in their Complaint. <u>See</u> App. 54-55; R. Doc. 12-1; App. 59-61; R. Doc. 15. It is inconceivable how the Attorney General can be entitled to Eleventh Amendment immunity, but the State's Attorney

- 15 -

Appellate Case: 26-1947   Page: 23   Date Filed: 06/25/2026 Entry ID: 5654597

is not under these circumstances. This Court's precedent supports this contention and for good reason.

The district court's logic in denying the State's Attorney's assertion of Eleventh Amendment immunity is flawed. For example, the district court reasoned the existence of N.D.C.C. § 16.1-10-04 creates an ongoing violation and if the State's Attorney "is given sovereign immunity without review of the potentially unconstitutional statute, Plaintiffs' constitutional rights to free speech are the victim of threatened State action." Add. 12-13; App. 93-94; R. Doc. 26, at 10-11. The State's Attorney did not enact N.D.C.C. § 16.1-10-04. Moreover, she clearly affirmed that neither she – nor anyone in her office – has any intention or willingness to prosecute a claim against Citizens Alliance under N.D.C.C. § 16.1-10-04 for the statements or activities alleged in the Complaint. App. 59-61; R. Doc. 15.

Under the district court's order, the State's Attorney is the only remaining Defendant in this § 1983 lawsuit and faces the prospect of liability for Citizens Alliance's attorneys' fees, costs, and expert fees under 42 U.S.C. § 1988. To avoid such liability, the State's Attorney must successfully defend the constitutionality of a statute she has no intention of enforcing against Citizens Alliance. This Court's application of the Eleventh Amendment and Article III standing prohibits this result.

The district court's decision to deny the State's Attorney's assertion of Eleventh Amendment immunity must be reversed.

- 16 -

Appellate Case: 26-1947     Page: 24     Date Filed: 06/25/2026 Entry ID: 5654597

## <u>ARGUMENT</u>

**A.  This Court has Jurisdiction over the State's Attorney's Interlocutory Appeal and the District Court's Order is Subject to *de novo* Review.**

This is an appeal of the district court's order denying the State's Attorney's assertion of Eleventh Amendment immunity.  Add. 3-15; App. 84-96; R. Doc. 26; App. 97-99; R. Doc. 28.  It is well-established this Court has "jurisdiction over interlocutory appeals involving Eleventh Amendment immunity, which we review *de novo*."  *Ellison*, 153 F.4th at 698.  The same standard also applies to Article III standing when a defendant's declaration attests they have no present intention to commence enforcement of a statute.  *Id*. at 702.

Determinations of Eleventh Amendment immunity and Article III standing are threshold issues that implicate the court's subject matter jurisdiction. *Harmon Industries, Inc. v. Browner*, 191 F.3d 894, 903 (8th Cir. 1999); *Ellison*, 153 F.4th at 701-02.  This Court explained that when "faced with jurisdictional issues involving Eleventh Amendment immunity and Article III standing, the Court can decide which to address first." *Freeman*, 33 F.4th at 889 n.4 (quoting *WildEarth Guardians v. Bibegain*, 555 F.App'x 815, 816 (10th Cir. 2014) (unpublished per curiam), *as clarified* (Mar. 7, 2014)).

Appellate Case: 26-1947    Page: 25    Date Filed: 06/25/2026 Entry ID: 5654597

## B.    This is a Factual Attack on Subject Matter Jurisdiction.

The district court correctly concluded the State's Attorney asserted a factual attack on the district court's jurisdiction under Fed. R. Civ. P. 12(b)(1).  Add. 8; App. 89; R. Doc. 26, at 6.  On appeal, this Court "is bound by the district court's characterization of the Rule 12(b)(1) motion."  *Croyle by and through Croyle v. United States*, 908 F.3d 377, 380-81 (8th Cir. 2018). When considering a factual attack on jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), the court "may look outside the pleadings to affidavits or other documents" without converting the 12(b)(1) motion to one for summary judgment.  *Moss v. United States*, 895 F.3d 1091, 1097 (8th Cir. 2018). Citizen Alliance bears the burden to prove the federal court has subject matter jurisdiction.  *V.S. Partnership v. Dept. of Housing and Urban Development*, 235 F.3d 1109, 1112 (8th Cir. 2000) (explaining the "burden of proving subject matter jurisdiction falls on the plaintiff").

## C.    The Eleventh Amendment Applies to the State's Attorney.

In general, States are immune from suit under the Eleventh Amendment and doctrine of sovereign immunity.  *Freeman*, 33 F.4th at 989.  "The Supreme Court has 'recognized a narrow exception grounded in traditional equity practice—one that allows certain private parties to seek judicial orders in federal court preventing state executive officials from enforcing state laws that are contrary to federal law.'"  *Id.* (quoting *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021)).  In *Ex parte*

- 18 -

Appellate Case: 26-1947     Page: 26     Date Filed: 06/25/2026 Entry ID: 5654597

*Young*, the Supreme Court explained:

> …individuals, who, as officers of the state, are clothed with some duty in regard to the enforcement of the laws of the state, and ***who threaten and are about to commence proceedings***, either of a civil or criminal nature, to enforce against parties affected an unconstitutional act, violating the Federal Constitution, may be enjoined by a Federal court of equity from such action.

209 U.S. 123, 155-56 (1908) (emphasis added).

Consequently, this Court explained the "*Ex parte Young* exception only applies against officials '***who threaten and are about to commence proceedings***'" in violation of the Federal Constitution. *Freeman*, 33 F.4th at 990 (quoting *Ex parte Young*, 29 U.S. at 155-56). Under this authority, the Eleventh Amendment protects county attorneys – who do not fall within the *Ex parte Young* exception – against claims for prospective relief in constitutional challenges to a State statute. *Freeman*, 33 F.4th at 992; see also *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 123 n. 34 (1984) ("The Courts of Appeals are in general agreement that a suit against officials of a county or other governmental entity is barred if the relief obtained runs against the State.")

This is especially applicable here because the State's Attorney is mandated by North Dakota law to "[a]ttend the district court and conduct ***on behalf of the state*** all prosecutions for public offenses." N.D.C.C. § 11-16-01 (emphasis added). In the prosecutorial context, the duties of a state's attorney and the Attorney General overlap.

- 19 -

For example, under North Dakota law, the "attorney general and the attorney general's assistants are authorized to institute and prosecute all cases in which the state is a party, whenever in their judgment it would be for the best interests of the state to do so." N.D.C.C. § 54-12-02. The Attorney General is also required to "take full charge of and shall conduct any criminal prosecution in any county…with the power and authority as the duly elected state's attorney" upon written demand of a district court judge. N.D.C.C. § 54-12-04. For the purpose of this challenge to N.D.C.C. § 16.1-10-04, there is no meaningful distinction between the Attorney General and the State's Attorney as both are vested with the power to prosecute the statute on behalf of the State.

**D.      The District Court Erred When it Refused to Apply Sovereign Immunity as a Bar to the Claims against the State's Attorney.**

Like the Attorney General, the State's Attorney is also entitled to sovereign immunity against Citizen Alliance's claims. In fact, this Court recently extended Eleventh Amendment immunity to county prosecutors in a challenge to the Minnesota Fair Campaign Practices Act ("MFCPA") under nearly identical circumstances. *Freeman*, 33 F.4th 985.

In *Freeman*, plaintiffs who were described as "political candidates, political associations, and individuals who engage in political activities relating to political elections and campaigns in Minnesota" sued four Minnesota county attorneys with authority to criminally prosecute violations of the MFCPA. *Id.* at 987. As here, the

- 20 -

Appellate Case: 26-1947     Page: 28     Date Filed: 06/25/2026 Entry ID: 5654597

plaintiffs sued the county attorneys in their official capacity and brought a pre-enforcement First Amendment challenge to the MFCPA. *Id*. at 988. Also – like this case – the plaintiffs sought a declaration that the MFCPA was unconstitutional and sought to enjoin its enforcement. *Id*. In response to the plaintiffs' motion for a preliminary injunction, the county attorneys submitted declarations establishing they were "not currently investigating" any violations of the MFCPA and had "'no personal intention' to commence proceedings." *Id*. The county attorneys' declarations in *Freeman* are nearly identical to the State's Attorney's declaration submitted in this case. *See id.* at n. 9; *see also* App. 59-61; R. Doc. 15.

The district court denied the plaintiffs' motion because the exception to *Ex parte Young* did not apply to county attorneys who were not about to commence proceedings against the plaintiffs. *Id*. at 988-89. The plaintiffs appealed and claimed the county attorneys were not entitled to Eleventh Amendment immunity. *Id*. at 989.

This Court explained that since the plaintiffs "seek prospective relief…the core question is whether the plaintiffs proved that the county attorneys engaged in an ***ongoing violation of federal law***...In answering this question, the state of the record at this procedural stage of the case is dispositive." *Id.* at 991 (internal quotations and citations omitted) (cleaned up). Accordingly, this Court affirmed the district court's application of Eleventh Amendment immunity to the county attorneys under the following rationale:

- 21 -

Appellate Case: 26-1947     Page: 29     Date Filed: 06/25/2026 Entry ID: 5654597

> …the county attorneys here averred that they have no present intention to commence proceedings [under the MFCPA]. But their failure to disavow future prosecutions is not fatal to their claim of Eleventh Amendment immunity. ***The proper standard in assessing their entitlement to such immunity is whether the county attorneys' affidavits establish their unwillingness to exercise [their] ability to prosecute a [MFCPA] claim against Appellants.***

*Id*. at 992 (internal quotations omitted) (cleaned up) (emphasis added).

*Freeman* directly controls this case. The State's Attorney's declaration makes clear that she previously declined to prosecute Prichard and that neither she "nor anyone in [her] office has any intention of initiating a prosecution and [she is] unwilling to exercise [her] ability to prosecute a claim against Plaintiffs under N.D.C.C. § 16.1-10-04" for any of the statements or activities alleged in the Complaint. App. 59-60; R. Doc. 15, at 1-2. Citizens Alliance cannot establish the State's Attorney is engaged in an "ongoing violation of federal law" or that she is "about to commence proceedings" against them as required for the *Ex parte Young* exception to apply. See *id.;* see also *Freeman*, 33 F.4th at 990-992. Like the county attorneys in *Freeman*, the State's Attorney is entitled to Eleventh Amendment immunity and the district court lacks subject matter jurisdiction over Citizens Alliance's claims.

- 22 -

Appellate Case: 26-1947    Page: 30    Date Filed: 06/25/2026 Entry ID: 5654597

**E.  The District Court Erred When it Found Citizens Alliance Had Article III Standing to Press their Claims Against the State's Attorney.**

While *Freeman* clearly established the State's Attorney is entitled to Eleventh Amendment immunity, this Court's holding in *Ellison* makes clear Citizens Alliance lacks Article III standing to press their claims.  "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).  The State's Attorney's declaration makes it clear there is no live case or controversy for the district court to decide.  See App. 59-61; R. Doc. 15.  This Court recently explained as much in *Ellison*.

In *Ellison*, the Minnesota Chapter of Associated Builders and Contractors ("MNABC") sued Minnesota Attorney General Keith Ellison to enjoin him from enforcing the "Employer-Sponsored Meetings or Communication Act." *Ellison*, 153 F.4th at 697.  After MNABC filed their lawsuit, Ellison filed a declaration stating he had "no present intention to commence enforcement proceedings" under the Act. *Id*. at 698.  Like the State's Attorney, Ellison "asserted state sovereign immunity and moved to dismiss the complaint, factually attacking the court's subject matter jurisdiction" because he declared he "did not have 'present intent' to enforce the Act." *Id*.  Also, like here, the district court denied the motion, and Ellison brought an interlocutory appeal. *Id*.  This Court reversed because Ellison's "declaration attests to having 'no present intention to commence' enforcement, so MNABC lacks standing to sue, divesting the district court of subject matter jurisdiction." *Id*. at 702.

- 23 -

Appellate Case: 26-1947     Page: 31     Date Filed: 06/25/2026 Entry ID: 5654597

There is no meaningful distinction between this Court's analysis in *Ellison* and this case. Like Ellison's declaration, the State's Attorney's declaration made clear she has no intention to prosecute a claim against Citizens Alliance. App. 59-61; R. Doc. 15. Under *Ellison*, Citizens Alliance lacks standing to sue and the district court lacks subject matter jurisdiction and erred in finding otherwise. *Ellison*, 153 F.4th at 702.

## F.     This District Court was Wrong to Disagree with This Court's Precedent.

In lieu of following *Freeman* and *Ellison*, the district court argued this Court's application of *Ex parte Young* and its imminence requirement was wrong. Add. 11; App. 92; R. Doc. 26, at 9. In fact, the district court contended the Ninth Circuit's method was a "better approach" and argued if "the Eighth Circuit were to follow the Ninth Circuit and eliminate its strict imminence requirement for Eleventh Amendment immunity analysis, the state defendants would not be able…to avoid constitutional scrutiny of their dubious laws." Add. 11-12; App. 92-93; R. Doc. 26, at 9-10 n. 4. The district court used this rationale as the basis of its decision to deny the State's Attorney's motion. Add. 10-14; App. 91-95; R. Doc. 26, at 8-12. In doing so, the district court ignored this Court's prior mandate that a "District Court…is bound, as are we, to apply the precedent of this Circuit." *Hood v. U.S.*, 342 F.3d 861, 864 (8th Cir. 2003) (explaining the district court erred when it "declined to apply binding precedent of our Circuit and instead embraced the reasoning of [other]

- 24 -

Appellate Case: 26-1947     Page: 32     Date Filed: 06/25/2026 Entry ID: 5654597

circuits").

Moreover, the district court found the State's Attorney's declaration was irrelevant because "the 'ongoing violation' is not her decision to prosecute or not. Rather, it is the presence of the unconstitutional statute itself on North Dakota's books that creates the ongoing violation." Add. 12; App. 93; R. Doc. 26, at 10. This Court considered and rejected this argument in *Ellison*.

In *Ellison*, MNABC argued the Attorney General's declaration that provided he had no present intention to commence enforcement of the Act did not override his statutory obligations to do so. *Ellison*, 153 F.4th at 702. This Court explained *Ex parte Young* "requires the officer to threaten and be about to commence proceedings … By ignoring this about to commence proceedings requirement, MNABC's position effectively collapses the *Ex parte Young* exception to require only 'some connection with the enforcement' of the Act." *Id*. (internal quotation omitted) (cleaned up).

The district court also attempted to bolster its disagreement with this Court's precedent by citing a 2018 prosecution and 2024 investigation – both under a prior version of N.D.C.C. §16.1-10-04 – as reasons for finding the *Ex parte Young* exception applied to the State's Attorney. Add. 4-7, 10-11; App. 85-88, 91-92; R. Doc. 26, at 2-5, 8-9; App. 14; R. Doc. 1, at 7. The record clearly reflects the 2024 investigation was closed, there is no current investigation, and the State's Attorney

Appellate Case: 26-1947     Page: 33     Date Filed: 06/25/2026 Entry ID: 5654597

declined prosecution prior to the commencement of this lawsuit.  App. 59; R. Doc. 15, at 1. These prior instances are of no consequence in determining whether the *Ex parte Young* exception avoids a bar to suit.  *Smith v. Reynolds*, 139 F.4th 631, 635 (8th Cir. 2025).  "The *Ex parte Young* exception is limited to 'cases in which a violation of federal law by a state official is ongoing as opposed to cases in which federal law has been violated at one time or over a period of time in the past.'"  *Id*.; (quoting *Papasan v. Allain*, 478 U.S. 265, 277-78 (1986)).  The State's Attorney clearly disavowed any prosecution against Citizens Alliance under N.D.C.C. § 16.1-10-04 and established there is no ongoing violation.  App. 59-60; R. Doc. 15, at 1-2. The district court's reliance on prior conduct to deny Eleventh Amendment immunity was an error under this Court's precedent.  Add. 4-7, 10-11; App. 85-88, 91-92; R. Doc. 26, at 2-5, 8-9.

This Court's precedent makes perfect sense in the scope of a § 1983.  In general, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).  But, "a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'"  *Id*. at n. 10 (quoting *Kentucky v. Graham*, 473 U.S. 159, 167, n.14 (1985)).  The distinction between when a state official is a "person" or not

- 26 -

Appellate Case: 26-1947     Page: 34     Date Filed: 06/25/2026 Entry ID: 5654597

within the scope of § 1983 is "commonplace in sovereign immunity doctrine." *Id.* (quoting L., Tribe, American Constitutional Law § 3-27, p. 90, n. 3 (2d ed. 1988). It is beyond dispute "that the *Ex parte Young* exception to Eleventh Amendment sovereign immunity require[s] an 'ongoing violation [ ] of federal law.'" *Filyaw v. Corsi*, 150 F.4th 936, 944 (8th Cir. 2025) (quoting *Green v. Mansour*, 474 U.S. 64, 71 (1985). This makes sense because for the *Ex parte Young* exception to apply, the official must be a "person" – within the meaning of § 1983 – engaged in an ongoing violation of federal law. *See Will*, 491 U.S. at 71 & n.10; *Filyaw*, 150 F.4th at 944; *Freeman*, 33 F.4th at 990-991; *Ex parte Young*, 209 U.S. at 155-56. Absent an ongoing violation, federal courts lack subject matter jurisdiction to issue injunctive or declaratory relief. *See Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (explaining *Ex parte Young* "does not permit judgments against state officers declaring that they violated federal law in the past").

Against this background, Eleventh Amendment immunity applies to officials who have "no present intention" to commence the enforcement of a challenged law. *Ellison*, 154 F.4th at 702; *Freeman*, 33 F.4th at 990-992. The *Ex parte Young* exception does not require a prosecutor to defend the constitutionality of a statute – in a § 1983 action seeking prospective injunctive relief – when they are not willing to prosecute a claim against a plaintiff. See *Freeman*, 33 F.4th at 992; *Ellison*, 154 F.4th at 702; *Ex parte Young*, 209 U.S. at 155-56.

Appellate Case: 26-1947   Page: 35   Date Filed: 06/25/2026 Entry ID: 5654597

The district court ignored this clear precedent and explained the State's Attorney decision to not prosecute was irrelevant, because the existence of N.D.C.C. § 16.1-10-04 creates an "ongoing violation." Add. 12; App. 93; R. Doc. 26, at 10. Under this rationale, any – or every – prosecutor in North Dakota would be a proper party simply because they have the authority to enforce the statute. As explained above, this Court expressly rejected this contention in *Ellison*. See *Ellison*, 153 F.4th at 702. This Court's precedent makes clear that every state official with authority to enforce a statute is not subject to a § 1983 action seeking injunctive relief regardless of whether they are enforcing it or not.

That is the exact situation here. The district court has now required the State's Attorney to defend the constitutionality of a statute she vowed not to enforce against Citizens Alliance. Moreover, if the State's Attorney is unsuccessful in doing so, she may be liable for Citizens Alliance's attorneys' costs and fees. See *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 278-79 (1989) (explaining an award of costs is available to a plaintiff who obtains prospective relief and "the award of attorney's fees" is part of the costs available under Section 1988). This would make sense if the State's Attorney engaged in an ongoing violation of federal law, but it certainly does not when – as here – she is unwilling to exercise her ability to prosecute a claim against Citizens Alliance. This is exactly why this Court was correct to conclude that ignoring the "about to commence proceedings requirement" would

Appellate Case: 26-1947    Page: 36    Date Filed: 06/25/2026 Entry ID: 5654597

impermissibly collapse the *Ex parte Young* exception. *Ellison*, 153 F.4th at 702. The district court's reliance on another circuit's precedent was improper under *Hood* and the result is a clear conflict with this Court's precedent in *Freeman* and *Ellison*. Therefore, the district court's decision – as it pertains to the State's Attorney – must be reversed.

## **CONCLUSION**

For the aforementioned reasons, the district court lacked subject matter jurisdiction over Citizens Alliance's claims against the State's Attorney and its conclusion to the contrary must be reversed.

Dated this 23rd day of June, 2026.

By */s/ Brian D. Schmidt*
Brian D. Schmidt (ND Bar ID #07498)
bschmidt@smithporsborg.com
Scott K. Porsborg (ND Bar ID #04904)
sporsborg@smithporsborg.com
Burleigh County Special Assistants State's
 Attorneys
122 East Broadway Avenue
P.O. Box 460
Bismarck, ND 58502-0460
(701) 258-0630

Attorneys for Defendant – Appellant**,** Julie
 Lawyer, or her successor, in her official
 capacity as the Burleigh County States'
 Attorney

- 29 -

# CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the brief exempted by Fed. R. App. P. 32(f), this brief contains 6,802 words.

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionately spaced typeface using Microsoft 365 version of Word in 14-point Times New Roman font.

The electronic version of the foregoing Brief and Addendum submitted to the Court pursuant to Eighth Circuit Local Rule 28A(h)(2) was scanned for viruses and that the scan showed the electronic version of the documents are virus-free.

Dated this 23rd day of June, 2026.

By */s/ Brian D. Schmidt*
BRIAN D. SCHMIDT

Appellate Case: 26-1947    Page: 38    Date Filed: 06/25/2026 Entry ID: 5654597

## CERTIFICATE OF SERVICE

I hereby certify that on June 23, 2026, I electronically submitted the foregoing

**APPELLANT'S BRIEF AND ADDENDUM** for review to the Clerk of Court for

the United States Court of Appeals for the Eighth Circuit using the CM/ECF system

and that ECF will send a Notice of Electronic Filing (NEF) to all counsel of record

registered to receive electronic service.

By *&#47;s&#47; Brian D. Schmidt*
BRIAN D. SCHMIDT

Appellate Case: 26-1947    Page: 39    Date Filed: 06/25/2026 Entry ID: 5654597